## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

ARTHUR L. KELLY                    CIVIL ACTION NO. 09-1837-P

VERSUS                             JUDGE HICKS

DEPUTY EVANS, ET AL.               MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Arthur L. Kelly ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was filed in this Court on October 19, 2009. Plaintiff is currently incarcerated at the River Bend Detention Center but claims that his civil rights were violated by prison officials at the Caddo Correctional Center in Shreveport, Louisiana. He names Deputy Evans, Sgt. B.D. Acklen and the Caddo Correctional Center as defendants.

Plaintiff claims that on September 29, 2009, he ate breakfast at approximately 4:30 a.m. He claims that the lunch tray he was served that day did not meet his special dietary needs. He claims Deputy Evans refused to ask the kitchen staff to prepare another tray for him.

Plaintiff claims that subsequently, another lunch tray was prepared for him but that it was given to another inmate. He claims that he did not eat again until 4:30 p.m. He claims

that because he was denied lunch, his blood pressure level increased and he became light headed and dizzy.

Accordingly, he seeks restitution.

For the following reasons, Plaintiff's civil rights should be dismissed with prejudice.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment.  Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).  First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).  Furthermore, this Court should consider the duration and the

totality of the specific circumstances that constituted the conditions of Plaintiff's confinement.  Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).  Second, the prison official must have acted with a sufficiently culpable state of mind.  See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.  In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety.  See id., 114 S. Ct. at 1979.

Finally, a prisoner must also allege an injury that is more than de minimis, although it need not be significant.  See Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999).  See also Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities.  See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.  Plaintiff complains that on September 29, 2009, he was deprived of one meal.  After considering the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement, this Court finds that the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities.  See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.  Thus, Plaintiff's claim has failed to satisfy the first requirement of an Eighth Amendment claim.

Furthermore, Plaintiff has not shown that Defendants' conduct was deliberately indifferent. He states that Defendants deprived him of one meal. There has been no allegation that Defendants disregarded an excessive risk to the plaintiff's health or safety by failing to take reasonable measures to abate it. <u>Farmer</u>, 114 S.Ct. 1970.

The denial of a single meal is not a deprivation of life's basic necessities and the actions on the part of the prison officials do not evidence an attitude of deliberate indifference. Thus, Plaintiff's claim has failed to satisfy the second requirement of an Eighth Amendment claim.

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding <u>in forma pauperis</u> ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  <u>See</u> 28 U.S.C. § 1915(e); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  <u>See</u> <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993); <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint should be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 10th day of December 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE